Filed: 4/4/2019 10:44 AM
Lynne Finley
District Clerk
Collin County, Texas
By Jessica Gonzales Deputy
Envelope ID: 32501248

429-01854-2019
CAUSE NO. _____

| | | |
|---|---|---|
| MARVIN GORMAN AND HELENE GORMAN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY COUNTY MUTUAL INSURANCE COMPANY | § § | |
| Defendant, | § | COLLIN COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION and REQUEST FOR DISCOVERY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MARVIN GORMAN AND HELENE GORMAN,** hereinafter referred to by name or as Plaintiffs, and complains of **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

**DISCOVERY CONTROL PLAN**

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**PARTIES**

2a.     Plaintiffs MARVIN GORMAN AND HELENE GORMAN is an individual residing in Collin County, Texas.

2b.     Defendant, **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** is a Texas insurance company and may be served with process through its registered agent **Corporation Service Company** at **211 East 7th Street, Suite 620 Austin, Texas 78701-3218. (Citation Requested)**

## JURISDICTION & VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendant is a Texas resident and/or entity and conducts business in the State of Texas. Venue in Collin County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because Defendant live in this county.

**Pursuant to Tex. R. Civ. P. 47 this is a cause of action with an excess of $1,000,000.00 in damages.**

## FACTS

On or about October 01, 2018, Plaintiffs MARVIN GORMAN AND HELENE GORMAN was driving in a lawful manner when suddenly and without warning a 2013 Black KIA Rio attempted an unsafe left turn across the Plaintiffs' path, causing Plaintiff to collide with the him. C. Clements of the Plano Police Department established the other driver's negligence as failing to yield the right of way while turning left and driver inattention. Plaintiff suffered serious lifelong injuries, substantial financial loss and mental anguish from this severe impact.

Subsequently, Plaintiffs filed an under insured motorist claim with **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** seeking payment of the under insured motorists benefits in which Plaintiffs are entitled to under their policy. **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** has not paid or timely approved Plaintiffs' claim for his under insured motorists benefits and continues to act in bad faith.

## REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## REQUESTS FOR PRODUCTION TO DEFENDANT LIBERTY COUNTY MUTUAL INSURANCE COMPANY

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendant, LIBERTY COUNTY MUTUAL INSURANCE COMPANY, produce and permit Plaintiffs to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiffs request that Defendant produce the documents at the office of McCormick Law Firm, 4441 W. Airport Freeway, Suite 200 Irving, Texas 75062.

## NOTICE OF INTENT TO USE RULE 609(F)

Pursuant to Rule 609(f) of the Texas Rules of Evidence, any criminal conviction of parties and/or any other person who is expected to be called to testify at trial, may be offered or introduced at trial. This is limited to ten (10) years from the date of the conviction or release of the witness from confinement. Specifically, this includes information regarding these crimes that are elicited from the witness or public record. This includes only felonies and/or crimes involving moral turpitude, regardless of punishment

**YOU ARE INSTRUCTED THAT IF ANY INFORMATION RESPONSIVE TO THESE REQUESTS IS STORED OR MAINTAINED BY YOU OR ANYONE FROM WHOM YOU HAVE A RIGHT OR ACCESS TO THE INFORMATION, ELECTRONICALLY OR MAGNETICALLY, YOU MUST PRODUCE THIS INFORMATION TO USE ON A DISC FORMATTED FOR MICROSOFT WORD.**

**PURSUANT TO RULE 193.7 OF THE TEXAS RULES OF CIVIL PROCEDURE, ANY DOCUMENTS PRODUCED BY PLAINTIFFS OR DEFENDANT MAY BE USED IN ANY PRETRIAL PROCEEDING OR AT TRIAL. PRODUCTION OF ANY DOCUMENTS, IN RESPONSE TO ANY REQUESTS HEREIN, AUTHENTICATES THE DOCUMENT(S) FOR USE AGAINST BOTH PARTIES IN ANY PRETRIAL PROCEEDING OR AT TRIAL UNLESS, WITHIN TEN (10) DAYS AFTER RECEIPT OF THE RESPONSES (INCLUDING SUPPLEMENTAL OR AMENDED RESPONSES) YOU OBJECT TO THE AUTHENTICITY OF ANY DOCUMENTS PRODUCED, OR ANY PART THEREOF, STATING THE SPECIFIC BASIS FOR THE OBJECTION TO REQUESTS FOR PRODUCTION TO DEFENDANT.**

**REQUEST FOR PRODUCTION NO.1:**
Please produce a copy of the entire insurance policy number ABT-298-411894-40 8 5 including, but not limited to all endorsements, riders, exclusions, coverage sheets and declaration pages.

**REQUEST FOR PRODUCTION NO.2:**
Please produce a copy of Defendant's claim file materials pertaining to this occurrence and claim number PD000-038319395-03
.

**REQUEST FOR PRODUCTION NO.3:**
Please produce a copy of the first written notice of this Claim received by Defendant.

**REQUEST FOR PRODUCTION NO.4:**
Please produce a copy of all documents and correspondence between Defendant, its employees, agents and representatives and regarding this Claim from the time when Defendant first received written notice of this Claim through the date of the filing of this lawsuit.


**REQUEST FOR PRODUCTION NO.5:**
Pursuant to §542.055 of the **Texas Insurance Code**, please produce a copy of all written acknowledgments of this Claim sent by or on behalf of Defendant.

**REQUEST FOR PRODUCTION NO.6:**
Pursuant to §542.055 of the **Texas Insurance Code**, if the acknowledgment of this Claim was not made in writing, produce a copy of all documents which the Defendant contends make a record of the date, means, and content of the acknowledgment of this Claim.

**REQUEST FOR PRODUCTION NO.7:** Please produce a copy of all documents in which, Pursuant to §542.055 of the **Texas Insurance Code**, evidence when and what investigation was commenced by Defendant regarding this Claim.

**REQUEST FOR PRODUCTION NO.8:**
Pursuant to §542.055 of the **Texas Insurance Code**, please produce a copy of all documents in which Defendant requested from all items, statements, and forms that the insurer believed would be required from the claimant to process this Claim.

**REQUEST FOR PRODUCTION NO.9:**
Produce a copy of all documents in which Defendant contends evidence the date on which the Defendant receives all items, statements, and forms required by the Defendant, in order to secure final proof of loss.

**REQUEST FOR PRODUCTION NO.10:**
Pursuant to §542.055 of the **Texas Insurance Code**, produce a copy of all documents in which Defendant contends it notified in writing of the acceptance or rejection of this claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer, in order to secure final proof of loss.

**REQUEST FOR PRODUCTION NO.11:**

If the Defendant contends it has a reasonable basis to believe that the loss resulted from arson, produce a copy of all documents in which Defendant notified in writing of the acceptance or rejection of this Claim not later than the 30th day after the date the Defendant receives all items, statements, and forms required by the insurer.

**REQUEST FOR PRODUCTION NO.12:**
Produce a copy of all documents evidence a rejection of this Claim or any portion thereof.

**REQUEST FOR PRODUCTION NO.13:**
If the Defendant contends it has rejected this Claim or any portion thereof, produce a copy of all documents which Defendant contends constitute written notice given by Defendant to which state the reasons for the rejection of this Claim.

**REQUEST FOR PRODUCTION NO.14:**
If the Defendant contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant notified of the reasons that the Defendant needs additional time.

**REQUEST FOR PRODUCTION NO.15:**
Pursuant to §545.055 of the **Texas Insurance Code**, if the Defendant contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant accepted or rejected this Claim not later than the 45th day after the date on which Defendant notified a claimant of the need for additional time.

**REQUEST FOR PRODUCTION NO.16:**
Produce a copy of all documents in which Defendant contends it notified Plaintiff that it will pay this Claim or part of this Claim.

**REQUEST FOR PRODUCTION NO.17:**
Produce a copy of all documents which evidence the date and the amounts paid by Defendant on this Claim or any part of this Claim.

**REQUEST FOR PRODUCTION NO.18:**
If Defendant contends that payment of this Claim or part of this Claim is or was conditioned on the performance of an act by the claimant, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this Claim or part of this Claim would or could be made.

**REQUEST FOR PRODUCTION NO.19:**
If Defendant contends it is an "eligible surplus lines insurer" as defined by the **Texas Insurance Code**, produce all documents which evidence Defendant's status as an eligible surplus lines insurer

**REQUEST FOR PRODUCTION NO.20:**
Please produce a copy of all settlement offers made by Defendant to Plaintiff regarding this Claim.

**REQUEST FOR PRODUCTION NO.21:**

Please produce a copy of all documents and correspondence between Defendant and Plaintiff's medical providers

**REQUEST FOR PRODUCTION NO.22:**
Please produce a copy of all documents and correspondence between Defendant and Plaintiff's employers.

**REQUEST FOR PRODUCTION NO.23:**
Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which Defendant contends it reasonably anticipated litigation on this Claim.

**REQUEST FOR PRODUCTION NO.24:**
Please produce a copy of all documents which Defendant contends support or evidence its contention that it reasonably anticipated litigation on this Claim.

**REQUEST FOR PRODUCTION NO.25:**
Please produce a copy of any and all police reports and other governmental reports concerning this Claim and/or Plaintiff.

**REQUEST FOR PRODUCTION NO.26:**
Please produce a color copy of all videotapes, photographs, or electronic images depicting:

    a.    MARVIN GORMAN AND HELENE GORMAN;
    b.    Any other person involved in the occurrence;
    c.    The occurrence and/or scene of the occurrence;
    d.    Re-enactments or re-creations of the occurrence;
    e.    Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and
    f.    All property damaged in the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.27:**
Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned by MARVIN GORMAN AND HELENE GORMAN.

**REQUEST FOR PRODUCTION NO.28:**
Please produce a copy of all documents evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.29:**
Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.30:**
Please produce a copy of all documents evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.31:**
Please produce a copy of all documents, programs or other materials used by Defendant to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**REQUEST FOR PRODUCTION NO.32:**
Other than the photographs, videotapes or electronic images produced by Defendant in response to the above listed Requests for Production, please produce a color copy of any and all photographs, videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

**REQUEST FOR PRODUCTION NO.33:**
A copy of all internet pages and internet advertisements and other advertisements used by the Defendant in Texas to sell insurance products and policies which are the same or substantially similar to policy number ABT-298-411894-40 8 5 during the time that policy number ABT-298-411894-40 8 5 has been in effect and for the 1-year period of time immediately prior thereto.

**REQUEST FOR PRODUCTION NO.34:**
Please produce a copy of all medical, employment and insurance records regarding Plaintiff that Defendant has obtained through the use of any authorization provided to Defendant.

**REQUEST FOR PRODUCTION NO.35**:
Please produce a copy of all medical, employment, and insurance records regarding Plaintiff that Defendant has obtained through any subpoena or any deposition.

**REQUEST FOR PRODUCTION NO.36:**
A copy of all 911 tapes or transcripts regarding this Claim.

**REQUEST FOR PRODUCTION NO.37:**
A copy of all LIBERTY COUNTY MUTUAL INSURANCE COMPANY INSURANCE reports regarding this Claim or MARVIN GORMAN AND HELENE GORMAN.

**REQUEST FOR PRODUCTION NO.38:**
A copy of all Examinations Under Oath pertaining to this Claim.

**REQUEST FOR PRODUCTION NO.39:**
Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, which have not been produced by Defendant in response to Plaintiff's Request for Disclosure.

**REQUEST FOR PRODUCTION NO.40:**
Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please produce a copy of all records of any convictions of Plaintiff, and/or any person with knowledge of relevant facts.

**REQUEST FOR PRODUCTION NO.41:**

Produce a copy of all documents evidencing Defendant's net profits in Texas during each of the past two years to present.

**REQUEST FOR PRODUCTION NO.42:**
Produce a copy of all documents evidencing the amount of profits earned by Defendant in Texas during each of the past two years to present by selling auto policies with Personal Injury Protection coverage.

**REQUEST FOR PRODUCTION NO.43:**
Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision in question.

**REQUEST FOR PRODUCTION NO.44:**
For lawsuits filed against Defendant during the past 5 years within the State of Texas, please produce a copy of the last petition or complaint filed against Defendant for claims which are the same or substantially similar to those of in this lawsuit.

**REQUEST FOR PRODUCTION NO.45:**
Produce a copy of all records and documents pertaining to suits, other than the one at hand, in which Plaintiff was a party.

**REQUEST FOR PRODUCTION NO.46:**
Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom Defendant contends caused or contributed to the harm for which a recovery has been sought in this matter.

**REQUEST FOR PRODUCTION NO.47:**
Produce a copy of all documents which provide a description of the facts, if any, which form the basis of any contentions, if any, that the occurrence which forms the basis of this lawsuit was caused in whole or in part by any "Jane Doe" and "John Doe," persons whose identity is allegedly unknown but whom Defendant contends caused or contributed to the harm for which a recovery has been sought in this matter.

**REQUEST FOR PRODUCTION NO.48:**
In the event the carrier of any pertinent policies has settled any claims of any other person(s) as a result of this occurrence which has or which may reduce the amount of coverage available to compensate, please produce a copy of each settlement agreement or other document reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy(s).

**REQUEST FOR PRODUCTION NO.49:**
In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce a copy of any and all communications from the carrier relevant to such reservation.

**REQUEST FOR PRODUCTION NO.50:**
In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims, reducing such aggregates.

**REQUEST FOR PRODUCTION NO.51:**
In the event the carrier of any pertinent policies has given Defendant notice of financial impairment or potential financial impairment, please produce a copy of any and all written communications from the carrier relevant to such notice.

**REQUEST FOR PRODUCTION NO.52:**
Please produce a copy of all report(s) generated for Defendant by any program identified in response to Plaintiff's Interrogatory No. 2, including but not limited to; any version of the program identified, or other medical review of medical bills or records audits of any kind, including but not limited to any and all reports or audits of any kind prepared in the ordinary course of business or prior to the anticipation of litigation, pertaining to the accident or injuries, medical treatment or medical bills.

**REQUEST FOR PRODUCTION NO.53:**
Please produce a copy of any and all checks paid by or on behalf of Defendant to Plaintiff as a result of the occurrence in question.

**REQUEST FOR PRODUCTION NO.54:**
Please produce a copy of any and all exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

**REQUEST FOR PRODUCTION NO.55:**
For each and every expert witness that Defendant has specially employed or in the ordinary course of business (including its agents, representatives, employees and vice-principals), please produce a copy of the following items in Defendant's possession, custody or control:

    (a)    All tests, photographs, movies and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial;
    (b)    For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above and below;
    (c)    Documents concerning monies paid or to be paid to such experts related to this cause of action;
    (d)    Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this cause of action;
    (e)    Reports and depositions given by such expert in which such expert was retained by Defendant and/or Defendant's counsel's law firm, in personal injury cases other than the one made the basis of this suit;
    (f)    Any and all correspondence to or from such experts and Defendant and/or Defendant's counsel's law firm regarding this case; and
    (g)    All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this case.

**DAMAGES**

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiffs suffered severe bodily injury to their spine and mind. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental conditions to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. A total amount for Plaintiffs' medical expenses is unknown at this time as they are still treating. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred. Plaintiffs seek monetary relief over $1,000,000.00.

As a further result of the injuries sustained by Plaintiffs, they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention, an expense which is unknown at this time as Plaintiff are still treating.

### PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs further request both pre-judgment and post-judgment interest on all damages as allowed by law.

### CAUSES OF ACTION

### RESPONDEAT SUPERIOR OF DEFENDANT INSURANCE COMPANY

All acts, actions and/or omissions complained of herein were committed either by Defendant **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** themselves or by and through one of its employees within the course and scope of their employment with **DEFENDANT INSURANCE COMPANY**.

## CONDITIONS PRECEDENT AGAINST DEFENDANT INSURANCE CARRIER

All conditions precedent to recovery has been performed or have occurred.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY: BREACH OF CONTRACT

Defendant **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** breached the insurance contract by failing to provide coverage, resulting in damages to the Plaintiffs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY: UNFAIR INSURANCE PRACTICES

Defendant LIBERTY COUNTY MUTUAL INSURANCE COMPANY is guilty of unfair insurance practices in violation of article 21.21, §16 of the Texas Insurance Code, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiffs' actual damages.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Defendant **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** has breached their duty of good faith and fair dealing by denying Plaintiffs' claims without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiffs' claims and failing to effect prompt resolution of Plaintiffs' claim. **DEFENDANT INSURANCE COMPANY**'s breach has been a producing and proximate cause of Plaintiffs' actual damages.

## FOURTH CAUSE OF ACTION AGAINST

## DEFENDANT INSURANCE COMPANY: VIOLATION OF DTPA

**DEFENDANT INSURANCE COMPANY**, is liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant violated the DTPA in one or more of the following aspects:

(a) Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.46(b)(5);

(b) Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

(c) Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

(d) Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(24); and

**(e)** Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

## DAMAGES

Defendant LIBERTY COUNTY MUTUAL INSURANCE COMPANY acts have been producing and proximate causes of Plaintiffs' actual and economic damages which are in excess of the minimum jurisdictional limits of this court. Plaintiffs are entitled to judgment in the amount of their policy limits of the under insured motorist policy in the amount of $100,000.00.

## ADDITIONAL DAMAGES AND PENALTIES

Defendant **INSURANCE COMPANY**'s conduct was committed knowingly.

Accordingly, Defendant **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** is liable for additional damages as authorized by Texas. Ins. Code Ann. Article 21.21, § 16(b) (1), and DTPA § 17.50 (b) (1).

**LIBERTY COUNTY MUTUAL INSURANCE COMPANY** acted with conscious indifference to the rights of Plaintiffs in breaching the duty of good faith and fair dealing; therefore, **LIBERTY COUNTY MUTUAL INSURANCE COMPANY** is liable for exemplary damages. Additionally, Plaintiffs are also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant **INSURANCE COMPANY**'s refusal to pay the claim.

## ATTORNEY'S FEES

Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN § 38.001 (8); TEX. INS. CODE §542.060; and DTPA § 17.50 paid by Defendant **INSURANCE COMPANY**.

## JURY DEMAND

Plaintiffs demand a trial by jury and tenders payment this date of the required jury fee.

## PRAYER

**FOR THESE REASONS**, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

    A. Pain and suffering in the past;
    B. Pain and suffering in the future;
    C. Mental anguish in the past;
    D. Mental anguish in the future;
    E. Past medical expenses;
    F. Future medical expenses;
    G. Physical impairment in the past;
    H. Physical impairment in the future;

  I. Physical disfigurement in the past;
  J. Physical disfigurement in the future;
  K. Loss of past wages;
  L. Loss of future wages;
  M. Loss of wage earning capacity;
  N. Loss of consortium;
  O. Property damage;
  P. Diminutive value of property
  Q. Loss of use;
  R. Pre judgment interest;
  S. Post judgment interest; and
  T. Exemplary damages.

       **RESPECTFULLY SUBMITTED,**

       **MCCORMICK LAW FIRM, THE INJURY ATTORNEYS**
       **4441 WEST AIRPORT FREEWAY SUITE 200**
       **IRVING, TEXAS 75062**
       **FAX (972) 982-7618**
       **TEL: (972) 776-62256**

**BY:** **\S/ W. CAGNEY MCCORMICK**
    **W. CAGNEY MCCORMICK**
    **STATE BAR NO. 24083473**
    email: CagneyMac@theinjuryattorney.law
    **ATTORNEY FOR PLAINTIFF**